**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Centex Homes, et al., | No. CV-19-01392-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| NGM Insurance Company, | |
| Defendant. | |

Before the Court is Plaintiffs' motion for leave to amend the complaint. (Doc. 92.) Defendant filed a response objecting to the motion (Doc. 95); the Court did not permit a reply. For the reasons described herein, the Court will deny the motion.

**I.    Rules 15 and 16**

Generally, Rule 15(a) of the Federal Rules of Civil Procedure governs a motion to amend pleadings. However, Rule 16 also applies in the present case because Plaintiffs move to amend after the deadline to do so, as contained in the Rule 16 Case Management Order (Doc. 28), expired on September 6, 2019. It is therefore appropriate to discuss both Rules 15 and 16.

Rule 15(a) provides in pertinent part:

> (1) A party may amend the party's pleading once as a matter of course within:
> (A) 21 days after serving it, or
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f),

> whichever is earlier.
> (2) In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a). The liberal policy in favor of amendments is subject to certain limitations. After the defendant files a responsive pleading, leave to amend is not appropriate if the "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citation omitted). The "party opposing amendment bears the burden" of showing prejudice, futility, or another permissible reason for denying a motion to amend. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Prejudice can result where a defendant would be forced to participate in additional discovery. *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Regarding futility, a "district court does not err in denying leave to amend where the amendment would be futile, or where the amended complaint would be subject to dismissal." *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (citations omitted).

Rule 16, on the other hand, applies to pretrial conferences and scheduling orders. It states, in pertinent part:

> (1) Except in categories of actions exempted by local rule, the district judge . . . must issue a scheduling order:
> (A) after receiving the parties' report under Rule 26(f); or
> (B) after consulting with the parties' attorneys and any unrepresented parties at a scheduling conference.
> . . . .
> (3) The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions.
> . . . .
> (4) A schedule may be modified only for good cause and with the judge's consent.

Fed. R. Civ. P. 16(b). "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing

- 2 -

party, Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Generally, to meet its burden under Rule 16's "good cause" standard, the movant may be required to show:

> (1) that [the movant] was diligent in assisting the Court in creating a workable Rule 16 order; (2) that [the movant's] noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the movant's] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) that [the movant] was diligent in seeking amendment of the Rule 16 order, once it became apparent that [the movant] could not comply with the order.

*Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999) (citations omitted). While prejudice to the party opposing the modification may provide additional reasons to deny a motion, "the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id*. (citations omitted).

With respect to the interplay between Rules 16(b) and 15(a), "[a]s the Ninth Circuit explained in *Johnson* . . . once the district court has filed a pretrial scheduling order pursuant to Rule 16 . . . a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson*, 186 F.R.D. at 607. "If [the Court] considered only Rule 15(a) without regard to Rule 16(b), [it] would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure." *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998). Accordingly, the Court will first evaluate Plaintiffs' motion under Rule 16(b), and then, if necessary, under Rule 15(a).

**II.   Analysis**

Plaintiffs filed their original Complaint on July 23, 2018. (Doc. 1.) As noted, the deadline to file a motion to amend the pleadings in this case was on September 6, 2019. (Doc. 28 at 2.) The Rule 16 Case Management Order states that "the Court intends to

enforce the deadlines and guidelines set forth in this Order, and [the parties] should plan their litigation activities accordingly. Even if all parties stipulate to an extension, the Court will not extend the deadlines absent good cause to do so." (*Id.* at 8.)  Plaintiffs have amended the complaint twice to date. (Docs. 66, 79.) Defendant stipulated to the second amendment on May 11, 2020, which added one additional claim.

Plaintiffs now seek to file a Third Amended Complaint that would add six new construction defect claims in addition to the 17 currently at issue. Plaintiffs state that they "recently became aware" that Defendant has allegedly refused to defend the six additional claims. (Doc. 92 at 2.) They further state that the six claims are "based on similar facts as the claims already in this lawsuit"; that the Third Amended Complaint will not change the causes of action; and that Plaintiffs "could not have included these claims sooner." (*Id*. at 3-5.)  They also state that Defendant has "full knowledge" of the conduct at issue, and that the amendment will require only "incremental" additional discovery. (*Id*. at 7.)

In response, Defendant confirms that it accepted tender and appointed separate counsel for two of the six claims in April 2019 and July 2019. It did the same for the remaining four claims in May 2020 and early June 2020. (Doc. 95 at 3-4.) Plaintiffs' motion confirms these dates. (Doc. 92 at 3.) As Defendant points out, Plaintiffs had "ample time" to seek to amend the Second Amended Complaint earlier, and at least two of the claims could have been included in the prior stipulation to amend. The Court agrees with Defendant that Plaintiffs were not diligent in seeking further amendment. The Court also finds, based on the remaining deadlines in this case, that Defendant would be prejudiced if required to respond to a Third Amended Complaint and to produce the 16 additional claim files at issue before the September 3, 2020 discovery deadline. The Court is also mindful of Defendant's argument that if additional claims may continue to be added, "this litigation will never be able to reach any resolution" given the frequency with which similar claims are brought against Plaintiffs. (*Id*. at 4.)

As such, there is no good cause to amend the Second Amended Complaint at this late stage in the litigation. Plaintiffs were not adequately diligent in their efforts to comply

with the Rule 16 Case Management Order or to seek to amend it. The Rule 16(b) standard is not satisfied, and thus the Court need not reach the Rule 15(a) standard. Accordingly, the Court will deny Plaintiffs' motion.

### III. Conclusion

Accordingly,

**IT IS ORDERED denying** Plaintiffs' Motion for Leave to Amend Complaint. (Doc. 92.)

Dated this 27th day of July, 2020.

Michael T. Liburdi
United States District Judge