WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Centex Homes, et al., | No. CV-19-01392-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| NGM Insurance Company, | |
| Defendant. | |

In a previous order, the Court denied Plaintiffs' request for unredacted versions of claim notes in seventeen constructive defect cases but ordered Defendant to produce an unredacted version of the claim notes in the Hill/Alford matter, MPG2143B-100032, (the "Hill Claim Notes") for the Court to review *in camera*. (Doc. 134.) Defendant complied. (Doc. 136.) The Court has reviewed the Hill Claim Notes to determine whether the redacted communications therein are subject to the attorney-client privilege.

**I.     LEGAL STANDARD**

The attorney-client privilege protects confidential communications made to or by a lawyer for the purpose of securing or giving legal advice. *See* A.R.S. § 12-2234. The privilege is intended to "encourage free exchange of information between the attorney and the client and to promote the administration of justice." *State v. Holsinger*, 601 P.2d 1054, 1058 (Ariz. 1979). But the attorney-client privilege is not without its costs. *Samaritan Found. v. Goodfarb*, 862 P.2d 870, 874 (Ariz. 1993). Because it can interfere with the search for truth, the privilege must be strictly construed. *See Johnson v. O'Connor*, 327

P.3d 218, 225 (Ariz. Ct. App. 2014). "Thus, not all communications to [or by] one's lawyer are privileged." *Samaritan Found.*, 862 P.2d at 874.

The investigatory nature of the insurance business can make the question of whether a communication is privileged a difficult one. Indeed, "[t]he line between what constitutes claim handling and the rendition of legal advice is often more cloudy than crystalline." *HHS Enters., LLC v. Amco Ins. Co.*, 2008 WL 163669, *3 (W.D. Wash. Jan. 14, 2008). But "to the extent that an attorney acts as a claims adjuster, claims process supervisor, or claims investigation monitor, and not as a legal advisor, the attorney-client privilege does not apply." *Id.*; *see Nerdig v. Elec. Ins. Co.*, 2018 WL 5776523, *2 (D. Ariz. Nov. 1, 2018).

## II. DISCUSSION

Here, the Court reviewed the Hill Claim Notes *in camera* to determine whether the redacted portions thereof are subject to the attorney-client privilege. The Court will address the redacted portions of the Hill Claim Notes in reverse-chronological order, which allows the Court to begin on page 2 and work forward to page 21. The Court holds as follows:

1. On page 2, the entry by Mark Waite on April 16, 2019, is privileged because it relates to legal advice.

2. On page 2, the redacted portion of the entry by Mark Waite on March 29, 2019, is not privileged. By failing to redact counsel's recommendation, Defendant disclosed the substance of the attorney-client communication. *See Weil v. Inv./Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981) ("[I]t has been widely held that voluntary disclosure of the content of a privileged attorney communication constitutes waiver of the privilege as to all other such communications on the same subject."). Thus, the redacted portion of the entry must be produced.

3. On page 4, the entry by Mark Waite on October 30, 2018, is privileged. The entry relates to legal advice.

4. On page 6, the entry by Mark Waite on June 29, 2018, is privileged. The entry relates to legal advice.

5. On page 7, the redacted portions of entries by Mark Waite on May 30, 2018,

by Lorri Hoffman on May 30, 2018, and by Mark Waite on May 29, 2018, are privileged. The redacted portions of those entries reflect legal strategy.

6. On page 8, the redacted portion of the entry by Mark Waite on May 17, 2018, is privileged in part. The text beginning with "At this time" and ending with "resolve this issue," is not privileged. Those communications, in large part, were not redacted in the entry by Mark Waite on March 29, 2019, on page 2 of the Hill Claims Notes. *See Weil*, 647 F.2d at 24. The remaining redacted portion of the entry is privileged because it relates to legal advice.

7. On page 9, the redacted portions of the entries by Mark Waite on May 8, 2018, on April 25, 2018, and on April 23, 2018, are privileged. The redacted portions of the entries reflect legal strategy.

8. On page 12, the redacted portion of the entry by James Bassett on December 20, 2017, is privileged. The redacted communication reflects legal advice.

9. On page 13, the redacted portions of the entries by James Bassett on December 15, 2017, and on November 14, 2017, are privileged. The redacted portions of these entries relate to legal advice.

10. On pages 14–15, the entry by David Ponder on August 14, 2017, is privileged in part. The text beginning on page 14 with "Received email" and ending on page 15 with "defense in all of these cases," is not privileged. To the extent Defendant's counsel played a role in that communication, his role is more akin to a claims adjuster than a legal advisor. The remainder of the entry is privileged because it relates to legal advice and legal strategy.

11. On pages 15–17, the entry by David Ponder on July 19, 2017, is privileged. The entry memorializes legal strategy.

12. On page 17, the entry by David Ponder on April 13, 2017, is privileged in part. The text beginning with "Received email" and ending with "pending the result of this meeting," is not privileged. To the extent Defendant's counsel played a role in that communication, he acted as a claims adjuster, not as a legal advisor. The remaining text in the entry is privileged because it relates to legal advice.

13. On page 17, the redacted portion of the entry by David Ponder on April 10, 2017, is privileged because the communication relates to legal advice.

14. On page 18, the redacted portions of the entries by David Ponder on January 19, 2017, on December 14, 2016, and on October 4, 2016, are privileged. The redacted communications in these entries reflect legal strategy and legal advice.

15. On pages 18–19, the entry by David Ponder on September 12, 2016, is privileged. The entry relates to legal advice provided by Defendant's counsel.

16. On pages 19–20, the entry by David Ponder on August 1, 2016, is privileged in part. The text on page 19 beginning with "CC Barrett recommends," and ending on page 20 with "the best way to proceed," is not privileged. This communication, in large part, recites a mere factual summary of the matter. To the extent Defendant's counsel played a role in the communication, he acted as a claims adjuster and not as a legal advisor. The remainder of the entry is privileged because it reflects legal advice.

17. On page 21, the entries by David Ponder on June 1, 2016, and Cindie Brown on May 13, 2016, are privileged. These entries relate to legal advice.

### III.  CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant shall produce the Hill Claims Notes in accordance with this Order no later than **12:00 PM on September 25, 2020**.

**IT IS FURTHER ORDERED** that Defendant shall file a notice with the Court upon complying with the terms of this Order.

Dated this 24th day of September, 2020.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge