**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Centex Homes, et al., | No. CV-19-01392-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| NGM Insurance Company, | |
| Defendant. | |

Before the Court is Defendant's Motion for Reconsideration (Partial) of 9/18/20 and 9/24/20 Rulings, (Doc. 138), (the "Motion"). Defendant has moved for reconsideration of (1) the Court's ruling from September 18, 2020, that Defendant failed to meet its burden of establishing work-product protection for the redacted portions of the claim notes; and (2) the Court's ruling from September 24, 2020, that Defendant must produce portions of an entry in claim notes in the *Hill/Alford* matter. (Doc. 138.) Plaintiffs filed a Response, (Doc. 141). The Court has evaluated both Defendant's Motion and Plaintiffs' Response and now rules as follows.

**I.     Work Product Doctrine**

In a previous joint motion, the parties' raised the issue of whether Plaintiffs were entitled to unredacted copies of claim notes in seventeen construction defect matters underlying this case. (Doc. 123.) Defendant, in addition to other arguments, alleged the redacted portions of the notes were work product, protected under Federal Rule of Civil Procedure 26(b)(3). (Doc. 128 at 5.) As the party asserting the work product doctrine,

Defendant had the burden of establishing the rule's application. *Labertew v. Chartis Prop. Cas. Co.*, 2018 WL 1876901, *3 (D. Ariz. Apr. 19, 2018); s*ee United States v. 22.80 Acres of Land*, 107 F.R.D. 20, 22 (N.D. Cal. 1985) ("The party seeking to invoke the work product doctrine bears the burden of establishing all the elements that trigger the protection; doubts must be resolved against the party asserting the privilege.").

To be eligible for work-product protection, Defendant was required to show the claim notes were "prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). Given the investigatory nature of the insurance industry, insurance claim notes are usually not considered work product. *See e.g.*, *Labertew*, 2018 WL 1876901 at *2. The nature of the insurer's activity, however, "may eventually develop into activity undertaken in anticipation of litigation where a sufficient degree of adversity arises between the insurer and the insured." *Moe v. Sys. Transp., Inc.*, 270 F.R.D. 613, 625 (D. Mont. 2010). To determine when an insurer's activity shifts from the ordinary course of business to anticipation of litigation, the Court must evaluate whether "in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." *In re Grand Jury Subpoena, (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d 900, 907 (9th Cir. 2004) (quotations omitted). To satisfy this "because of" standard, the insurer must generally "identify a critical factor which made it anticipate litigation, and the insurer must demonstrate that the critical factor did indeed make the insurer deal with the insured in a different way." *Moe*, 270 F.R.D. at 625.

Defendant, in its Supplemental Memorandum, (Doc. 128), provided the Court with e-mails from Plaintiffs' counsel to Defendant's counsel, in which Plaintiffs objected to Defendant's appointment of separate defense counsel in two of the underlying cases. (Doc. 128, Ex. 5.) One of the e-mails, dated August 8, 2016, arises from the *Baneszewski* matter. (*Id.*) The other e-mail, sent on June 27, 2016, is related to the *Nesbitt* matter. (*Id.*) Based on the e-mail in the *Nesbitt* matter, the Court found the "prospect of litigation" existed since June 27, 2016, in the *Nesbitt* case. (Doc. 134 at 7.)

Rule 26(b)(3) and Ninth Circuit caselaw, however, require Defendant to show that the claim notes were prepared *because of* the prospect of litigation. During the discovery dispute, Defendant's counsel had three opportunities to point the Court to evidence showing when the claim notes were created but failed to do so. Defendant did not provide the Court with evidence verifying when the claim notes were prepared in the parties' Joint Request for Hearing on Discovery Dispute Regarding Waiver of Privilege. (*See* Doc. 123.) Defendant did not provide the Court with evidence in the form of exhibits or point the Court to specific portions of the record in its Supplemental Memorandum. (*See* Doc. 128.) And when asked by the Court during a hearing on this discovery dispute, Defendant's counsel did not know the dates the claim notes were created and failed to direct the Court to a portion of the record where that information could be found. (Doc. 138 at 2.) Thus, the Court held Defendant failed to establish work-product protection for the redacted portions of the claim notes. (Doc. 134 at 7.)

In the Motion, Defendant notes the dates on which the claim notes were created "ha[d] been produced in this matter and ha[ve] been available to all parties." (Doc. 138 at 2.) That may be so, but it is not the Court's job to sift through the record looking for evidence to support one litigant's argument. *See e.g.*, *Claar v. Burlington N. R.R. Co.*, 29 F.3d 499, 504 (9th Cir. 1994). "Indeed, if the Court were to do so, 'it would be impermissibly taking on the role of advocate, rather than impartial decision-maker.'" *United States v. Microsemi Corp.*, 140 F. Supp. 3d 885, 909 (D. Ariz. 2015) (quoting *Mann v. GTCR Golder Rauner, L.L.C.*, 483 F. Supp. 2d 884, 891 (D. Ariz. 2007)). That said, Defendant, in the Motion, now provides the Court with evidentiary support showing when the claim notes were prepared. (Doc. 138 at 2; Ex. A–B.) Although "[t]he Court will ordinarily deny a motion for reconsideration of an Order absent . . . a showing of new facts . . . that could not have been brought to its attention earlier with reasonable diligence," L. R. Civ. P. 7.2(g)(1), the Court, in its discretion, will consider the evidence Defendant offers in the Motion.

Defendant points the Court to its First, Second, and Third Supplemental MIDP

1    Responses, (Docs. 45, 48, 70). In Defendant's First Supplemental MIDP Responses,
2    submitted on October 24, 2019, Defendant produced the claim notes in sixteen of the
3    seventeen underlying cases. (Doc. 45; Doc. 138 at 2.) Defendant provided the claim notes
4    again, with updated privilege logs, in its Second Supplemental MIDP Responses on
5    November 18, 2019. (Doc. 48; Doc. 138 at 2.) And in its Third Supplemental MIDP
6    Responses submitted on March 6, 2020, Defendant produced the claim notes in one
7    additional underlying matter. (Doc. 70; Doc. 138 at 2.) Defendant, in the Motion, also
8    provides the Court with copies of the relevant privilege logs. (Doc. 138, Ex. A–B.)
9            Defendant argues "the vast majority of the notes in question were created after
10   June 27, 2016, the date by which this Court has ruled there was a 'prospect of litigation.'"
11   (Doc. 138 at 3.) Defendant also alleges that most of the claim notes in the *Hill/Alford*
12   matter, which the Court reviewed *in camera*, are dated on or after June 27, 2016. (*Id.*) In
13   response, Plaintiffs argue that Defendant is "ask[ing] the Court to conflate the underlying
14   matters to find that litigation existed in all of the underlying cases, including *Hill*, by
15   June 27, 2016." (Doc. 141 at 3). Considering the parties' arguments, the Court must first
16   clarify the scope of its finding that "based on June 2016 email, the 'prospect of litigation'
17   has existed since June 27, 2016." (Doc. 134 at 7.)
18           The June 2016 e-mail related exclusively to the *Nesbitt* matter. Defendant's
19   interpretation of the Court's finding is that one date governs when the prospect of litigation
20   arose in each of the seventeen underlying cases. This interpretation conflicts with caselaw
21   in the Ninth Circuit. Courts within the Ninth Circuit regularly emphasize that "[t]he party
22   asserting the work product doctrine has the burden of establishing, *for each document*, the
23   rule's application." *Labertew*, 2018 WL 1876901 at *3 (emphasis added); *Moe*, 270 F.R.D.
24   at 625; *HHS Enters., LLC v. Amco Ins. Co.*, 2008 WL 163669, *4 (W.D. Wash. Jan. 14,
25   2008). Accordingly, Defendant had the burden of establishing, for each set of claim notes,
26   the rule's application. The Court, to be clear, is not of the view that, by virtue of being
27   included now in one lawsuit, the prospect of litigation thereby arose at the same moment
28   in each of the seventeen underlying cases. Rather, the Court's finding is that the prospect

of litigation has existed in the *Nesbitt* matter since June 27, 2017.* And the Court further clarifies that the prospect of litigation existed in the *Baneszewski* matter on and after August 8, 2016. (Doc. 128, Ex. 5.)

To satisfy the "because of" standard, Defendant must, for each document, identify a "'critical factor' which made it anticipate litigation" and demonstrate that the critical factor did indeed cause Defendant to deal with the insured in a different way. *Labertew*, 2018 WL 1876901 at *2; *see In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d at 908 (The "because of" standard "affords protection when it can fairly be said that the document was created because of anticipated litigation, and would not have been created in substantially similar form but for the prospect of that litigation." (internal quotations omitted)). As noted, Defendant has identified critical factors in the *Nesbitt* and *Baneszewski* matters which made it anticipate the prospect of litigation in those cases. The "because of" standard, however, also requires Defendant to show that the claim notes "would not have been created in substantially similar form *but for* the prospect of that litigation." *In re Grand Jury Subpoena (Mark Torf/Torf Envtl. Mgmt.)*, 357 F.3d at 908 (emphasis added). As Plaintiffs correctly point out, Defendant fails to make that showing. (Doc. 141 at 4–5.) Thus, Defendant, in its fourth opportunity to do so, has not satisfied the "because of" standard. Because Defendant has not established the work product doctrine applies to the redacted portions of the claim notes in the underlying cases, the Court denies Defendant's Motion as it pertains to the Court's September 18, 2020, Order, (Doc. 134).

**II.   Attorney-Client Privilege**

Defendant also moves the Court to reconsider its ruling as to one entry in the *Hill/Alford* claim notes, as set forth at No. 16 in the Court's September 24, 2020, Order, (Doc. 137). Following the discovery dispute, the Court reviewed the *Hill/Alford* claim notes *in camera* to determine whether the redacted portions thereof were protected by the

---

* This is consistent with the Court's individualized analysis of the underlying cases in other portions of the September 18, 2020, Order pertaining to the attorney-client privilege. For example, the Court noted "there is insufficient evidence to determine whether Defendant's coverage counsel acted as a claims adjuster in *each* of the seventeen Underlying Cases," and thus the Court found "Defendant's coverage counsel may have acted as a claims adjuster in the *Hill/Alford* matter." (*Id.* at 4.)

attorney-client privilege. Defendant requests that the Court review its ruling on an entry prepared by David Ponder on August 1, 2016 (the "Entry"). (Doc. 138 at 3.)

In the September 24, 2020, Order, the Court determined:

> [The Entry] is privileged in part. The text on page 19 beginning with "CC Barrett recommends," and ending on page 20 with "the best way to proceed," is not privileged. This communication, in large part, recites a mere factual summary of the matter. To the extent Defendant's counsel played a role in the communication, he acted as a claims adjuster and not as a legal advisor. The remainder of the entry is privileged because it reflects legal advice.

(Doc. 137 at 4.) Defendant argues the Entry "relate[s] specifically to legal advice and not an adjustment of the claim." Defendant further contends "the [Entry] also includes a coverage analysis performed by counsel as part of its consultation with [Defendant] and counsel's legal recommendations and advice to [Defendant] as to how to proceed, based on th[e] coverage analysis." (Doc. 138 at 3.) When considering the Entry, on its face, the Court must squint to see any indicia that the Entry is privileged. But the further explanation Defendant provided has been helpful, and in light of that explanation, the Court now finds that the Entry is privileged. Thus, Defendant need not disclose any portion of the Entry.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Reconsideration, (Doc. 138), is **granted in part and denied in part**. The Motion is **granted** as to Defendant's request that the Court reconsider its September 24, 2020, Order, (Doc. 137), as it pertains to the August 1, 2016, entry, set forth in No. 16 of that Order. The Court vacates the portion of its September 24, 2020, Order, (Doc. 137 at 4), to the extent it is inconsistent with this ruling. The Motion is **denied** in all other respects.

///

///

///

///

**IT IS FURTHER ORDERED** that Defendant must produce the *Hill/Alford* claims notes in accordance with the Court's September 24, 2020, Order, (Doc. 137), as modified herein, no later than **5:00 PM on October 1, 2020**.

Dated this 30th day of September, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge